**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re:  MICHAEL KEITH SCHUGG, DBA Shuburg Holsteins and DEBRA SCHUGG, <br><br> Debtors, <br> _____ <br><br> G. GRANT LYON, Chapter 11 Trustee, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> GILA RIVER INDIAN COMMUNITY, <br><br> Defendant-Appellant. | No. 15-15872 <br><br> D.C. No. 2:05-cv-02045-JAT <br><br><br> ORDER<sup>*</sup> |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted April 5, 2017
Pasadena, California

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: CLIFTON and OWENS, Circuit Judges, and ANTOON,** District Judge.

The Gila River Indian Community appeals from the district court's May 2012 order concluding that G. Grant Lyon had developed standing for his claim regarding the scope of the easement over Murphy Road. The Community also appeals from the district court's May 2014 and March 2015 judgments determining that the Murphy Road easement permitted Lyon to construct a 40-foot-wide paved road, install underground utilities beneath the road, and use the road to accommodate a 440-house development on the parcel of land known as Section 16. Because we conclude that the district court lacked jurisdiction over Lyon's claim regarding the scope of the easement, we vacate the district court's order and judgments, and dismiss the case.

Article III of the Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992) (quoting U.S. Const. art. III, § 2). "One essential aspect of this requirement is that any person invoking the power of a federal court must demonstrate standing to do so." *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013). To satisfy the requirements of Article III standing, a plaintiff must "prove that he has suffered a

---

** The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

2

concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Id.* Under Article III, "an 'actual controversy'" must "persist throughout all stages of litigation." *Id.* (quoting *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013)).

We concluded in 2010 that Lyon lacked standing to assert his claim regarding the scope of the Murphy Road easement because there was no "live controversy with regard to the scope of any easement," and "no particularized or imminent injury arising out of that disagreement." *Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1074 (9th Cir. 2010). On remand for resolution of a distinct issue, Lyon argued that an actual controversy had developed due to changed factual circumstances that occurred after our 2010 decision, providing him with the standing necessary to assert the relevant claim. The district court agreed.

As a general rule, however, "standing is determined as of the commencement of the litigation." *Yamada v. Snipes*, 786 F.3d 1182, 1203 (9th Cir. 2015) (quoting *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1171 (9th Cir. 2002)); *see also Defenders of Wildlife*, 504 U.S. at 569 n.4 (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 839 (1989) ("The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed.")). We have held that, "[a]s with all questions of subject matter

3

jurisdiction except mootness, standing is determined as of the date of the filing of the complaint," and that "[t]he party invoking the jurisdiction of the court cannot rely on events that unfolded after the filing of the complaint to establish its standing." *Wilbur v. Locke*, 423 F.3d 1101, 1107 (9th Cir. 2005) *abrogated on other grounds by Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010).

Although this general rule is subject to a few exceptions, *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1171 (9th Cir. 2013), none apply here. Lyon relies on the exception set forth in *Northstar Financial Advisors Inc. v. Schwab Investments*, 779 F.3d 1036 (9th Cir. 2015). In *Northstar*, we held that a supplemental pleading under Federal Rule of Civil Procedure 15(d), based on facts that occurred after the filing of the original complaint, could cure standing deficiencies that existed at the time of the original complaint. *Id.* at 1044. Yet, Lyon never filed, or attempted to file, an amended or supplemental complaint.

Lyon urges that *Northstar* is nonetheless applicable to the present facts because the district court's September 2014 pre-trial order may function as an amended complaint. This overextends *Northstar*'s reasoning. In *Northstar*, we indicated the limited scope of our ruling, observing, "in order to decide this case, it is enough to say that the rule as stated in *Morongo*," requiring subject matter jurisdiction to exist at the time the action commences, "does not extend to

4

supplemental pleadings filed pursuant to Fed. R. Civ. P. 15(d)." *Id.* (referencing

*Morongo Band of Mission Indians v. California State Board of Equalization*, 858

F.2d 1376 (9th Cir. 1988)).

Moreover, we allowed the plaintiff in *Northstar* to cure a jurisdictional

defect with a supplemental pleading rather than requiring the filing of a new

lawsuit because, under the circumstances of that case, instituting a new action was

simply a "needless formality." *Id.* at 1044 (citation omitted). That is not the case

here. The parties agree that requiring Lyon to initiate a new lawsuit would not have

"elevated form over substance," but rather, could have had a real impact regarding

the Community's opportunity to invoke tribal sovereign immunity. *See id.* at 1044.

Although Lyon had standing to assert other claims throughout this lawsuit,

"a plaintiff must demonstrate standing for each claim he seeks to press and for each

form of relief that is sought." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734

(2009) (internal quotation marks omitted) (quoting *DaimlerChrysler Corp. v.

Cuno*, 547 U.S. 332, 352 (2006)). We held that Lyon lacked standing for his claim

regarding the scope of the Murphy Road easement. *Lyon*, 626 F.3d at 1074. In the

absence of an amended complaint under Federal Rule of Civil Procedure 15(d), *see*

*Northstar*, 779 F.3d 1036, or other exceptional circumstances, this standing defect

may not be cured by later factual developments. The district court therefore erred

5

in determining that it had jurisdiction to adjudicate Lyon's claim regarding the scope of the Murphy Road easement.

Costs to be taxed against plaintiff in favor of defendant.

**VACATED AND DISMISSED.**